UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MERCER,

                    Plaintiff,

          -against-

NEW YORK CITY HOUSING AURHORITY,

                    Defendant.

1:22-CV-7133 (LTS)

ORDER OF DISMISAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert Mercer, who appears *pro se*, filed this action under 42 U.S.C. § 1983. He

also appears to assert claims under state law. Plaintiff sues the New York City Housing

Authority ("NYCHA") and seeks damages, as well as declaratory relief.

By order dated August 22, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

A.   ***Mercer v. N.Y.C. Hous. Auth.***, 1:22-CV-3202 (LTS)

On April 19, 2022, Plaintiff filed a *pro se* action in this court against NYCHA in which he asserted claims under federal law, including claims under 42 U.S.C. § 1983, as well as claims under state law, arising from the presence of lead paint in his NYCHA apartment that was found on March 17, 2022. *See Mercer v. N.Y.C. Hous. Auth.*, ECF 1:22-CV-3202, 2 (complaint) ("*Mercer I*"). By order dated May 16, 2022, the Court dismissed *Mercer I*; the Court dismissed Plaintiff's claims under federal law, including his claims under Section 1983, for failure to state a claim on which relief may be granted, and declined to consider, under its supplemental

jurisdiction, Plaintiff's claims under state law, but granted Plaintiff 30 days' leave to file an amended complaint to state a claim under the Fair Housing Act. *Mercer I*, 22-CV-3202, 4 (S.D.N.Y. May 16, 2022). In an order dated July 29, 2022, however, the Court construed Plaintiff's "motion to dismiss for lack of standing," which was filed on that same date, to be a motion for voluntary dismissal of *Mercer I*, brought under Rule 41(a) of the Federal Rules of Civil Procedure, and the Court dismissed *Mercer I* without prejudice. *Mercer I*, ECF 1:22-CV-3202, 8 (S.D.N.Y. July 29, 2022).

**B.    The present action**

On August 19, 2022, Plaintiff filed the present action in this court in which he again sues NYCHA under Section 1983 and under state law. In the present complaint, Plaintiff again alleges the presence of lead paint that was found in his NYCHA apartment on March 17, 2022. He also asserts that on July 6, 2022, he received the results of a blood test that found the presence of lead in his bloodstream. He alleges that the presence of lead in his bloodstream "has caused and will continue to cause harmful side effects to [his] current and future mental and physical health. . . ." (ECF 2, at 2.) Plaintiff also alleges that "[a]s a direct result of [NYCHA's] negligence and improper practice in policy, a violation of [his] privileges to a good dwelling and a non hazardous environment [was] violated." (*Id.*) Plaintiff further alleges that he suffers from asthma, and that there are mold spores present in his apartment, which, along with the lead dust in his apartment, exacerbate his asthma condition.

**DISCUSSION**

**A.    Claims under Section 1983**

The Court must dismiss Plaintiff's claims under Section 1983, which all arise from NYCHA's alleged failure to provide safe and sanitary housing to Plaintiff. When a plaintiff sues a municipality or other local government entity, such as NYCHA, under Section 1983, it is not

enough for the plaintiff to allege that one of the municipality's or other local government entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or other local government entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality or other local government entity, the plaintiff must allege facts showing: (1) the existence of a municipal or local government entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). This standard has been applied to claims under Section 1983 brought against NYCHA. *See Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576-77 (2d Cir. 1989). If there is no underlying constitutional violation, however, the Court need not examine whether the municipality or other local government entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

As the Court noted in its May 16, 2022, order in *Mercer I*, ECF 1:22-CV-3202, 4, at 4-5, there is no constitutional right to safe and sanitary housing, *see Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality. . . ."); *see also Paige v. N.Y.C. Hous. Auth.*, No. 17-CV-7481, 2018 WL 3863451, *11

(S.D.N.Y. Aug. 14, 2018) ("Defendants' failure to prevent lead paint poisoning is not tantamount to a violation of substantive due process."); *Allen v. N.Y.C. Hous. Auth.*, No. 10-CV-0168, 2012 WL 4794590, at *8 (S.D.N.Y. Sept. 11, 2012) (holding that NYCHA's failure to address the presence of mold in a NYCHA apartment does not violate due process). Accordingly, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Judgment shall issue.

SO ORDERED.

Dated:     September 28, 2022
           New York, New York

                                        /s/ Laura Taylor Swain
                                  _____
                                        LAURA TAYLOR SWAIN
                                  Chief United States District Judge